UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARK PINTER, individually and on
behalf of all others similarly situated,

        Plaintiff,

        v.

LAND AIR SEA SYSTEMS, INC.

        Defendant.
---------------------------------------------------------x

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Mark Pinter ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, brings this complaint against defendant Land Air Sea Systems, Inc. ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant falsely asserts that its products are "Made in the USA" or "Manufactured in the USA."

2. The misrepresentations on Defendant's products and advertisements are deceptive and cause consumers to believe that these products are made in the United States when they are not.

3. Plaintiff brings this action on behalf of himself and other purchasers of Defendant's products to end this unlawful and un-American conduct and to obtain damages for those deceived by Defendant.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because there are 100 or more class members; at least one class member is a

1

citizen of a state that is diverse from Defendant's citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## PARTIES

6. Plaintiff Mark Pinter is a resident of Far Rockaway, Queens County, New York.

7. Upon information and belief, defendant Land Air Sea Systems, Inc. is incorporated under the laws of Illinois and maintains a principal place of business in Woodstock, Illinois.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

8. Defendant sells GPS tracking devices that provide real-time locations of people and vehicles.

9. On or about October 20, 2021, Plaintiff purchased a LandAirSea 54 GPS Tracker through the LandAirSea Store on Amazon.com.

10. The full listed title of the product on Amazon.com is "LandAirSea 54 GPS Tracker, - ***USA Manufactured***, Waterproof Magnet Mount. Full Global Coverage. 4G LTE Real-Time Tracking for Vehicle, Asset, Fleet, Elderly and more. Subscription is required, Black" (emphasis added).

11. Defendant advertised its product with depictions of the American Flag on its web page and in its Amazon.com store.

12. Based on the representations, Plaintiff reasonably believed that the product was made and/or manufactured in the United States.

13. Plaintiff relied on this false representation when purchasing the product.

14. Made in the United States is a product attribute that appeals to Plaintiff and a large number of consumers.

15. USA Today reported that: "Over 80% of Americans are willing to pay more for Made-in-USA products, 93% of whom say it's because they want to keep jobs in the USA, according to a survey released in November by Boston Consulting Group. In ultra-partisan times, it's one of the few issues both Democrats and Republicans agree on."[1]

16. Defendant is well-aware that such representations increase sales.

17. However, the representations regarding the product purchased by Plaintiff are false.

18. The main CPU chip in the LandAirSea 54 GPS Tracker represents the majority of the cost of the product.

19. That chip was actually made in China by a company called "Quectel."

20. The product's battery is also made in China by a company called "Crazell."

21. Nevertheless, Defendant's own website represents that the LandAirSea 54 GPS Tracker is "Engineered and manufactured in the USA (Woodstock, IL)" and "Proudly Manufactured in the USA."

22. Other products sold by Defendant are also falsely represented to be made or manufactured in the United States.

23. For example, the LandAirSea Sync 4G LTE Real Time GPS Tracker is advertised as "Manufactured in USA."

24. The full listed title of the product on the Amazon.com LandSeaAir Store is

---

[1] *See* https://www.usatoday.com/story/money/personalfinance/2013/01/21/made-in-usa-trend/1785539/

"LandAirSea Sync GPS Tracker - *USA Manufactured*. 4G LTE Real Time Tracking. Fleet Tracker. Subscription is required" (emphasis added).

25. Defendant's website represents that the LandAirSea Sync 4G LTE Real Time GPS Tracker is "Proudly Manufactured in the USA."

26. Its packaging contains the image of the American Flag with the words "Made in the USA," both above and below the flag.

27. However, these representations regarding the LandAirSea Sync 4G LTE Real Time GPS Tracker are also false.

28. Its main CPU chip is made in China by a company called "Quectel."

29. Its battery is made in China by a company called "Glida."

30. Its memory is made in Taiwan by a company called "Winbond."

31. Upon information and belief, Defendant sells other products labeled and advertised as being made or manufactured in the United States that are not made in the United States.

32. The LandAirSea 54 GPS Tracker, LandAirSea Sync 4G LTE Real Time GPS Tracker, and all other products sold by Defendant that are misrepresented as being made or manufactured in the United States are collectively referred to herein as the "Products."

33. Not only are the Products deceptively labeled and advertised, they also violate federal law.

34. The Federal Trade Commission ("FTC") has long required that, "[f]or a product to be called Made in USA, or claimed to be of domestic origin without qualifications or limits on the claim, the product must be 'all or virtually all' made in the U.S." *See Complying with the Made in USA Standard* (FTC, 1998). "'All or virtually all' means that all significant parts and processing that go into the product must be of U.S. origin. That is, the product should contain no — or

negligible — foreign content." *Id*.

35. The "All or Virtually All" standard has been codified in 16 C.F.R. Part 32. 16 C.F.R. § 323.2 provides that: "In connection with promoting or offering for sale any good or service, in or affecting commerce as 'commerce' is defined in section 4 of the Federal Trade Commission Act, 15 U.S.C. 44, it is an unfair or deceptive act or practice within the meaning of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1), to label any product as Made in the United States unless the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States."

36. Defendant's Products violate this regulation and the "All or Virtually All" standard established by the FTC.

37. Defendant's Products also violate 4 U.S.C. §8(i), which provides that "[t]he flag should never be used for advertising purposes in any manner whatsoever."

38. Defendant's Products also violate state consumer protection laws.

39. Plaintiff now brings this action on behalf of all the consumers that Defendant deceived.

40. Plaintiff and class members were harmed because, *inter alia*, they paid a premium for a product that was represented to be made or manufactured in the United States when it was not.

## CLASS ALLEGATIONS

41. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and the following class (the "New York Class"):

5

> All consumers who purchased the Products within New York. Excluded from the New York Class are any owners, officers, directors, or employees of Defendant or any related entities.

42. Plaintiff also brings this class action on behalf of himself and the following class (the "Multi-State Class"):

> All consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. Excluded from the Multi-State Class are any owners, officers, directors, or employees of Defendant or any related entities.

43. Upon information and belief, the New York Class and the Multi-State Class consists of hundreds or thousands of members. These classes are so numerous that joinder of all members is impracticable.

44. There are questions of law or fact common to the members of the New York Class and the Multi-State Class that predominate over any questions affecting only individual members, including:

    (a) Whether Defendant's Products are made or manufactured in the United States;

    (b) Whether Defendant falsely or deceptively represents that the Products are made or manufactured in the United States;

    (c) Whether Defendant's conduct was unfair or deceptive;

    (d) Whether Defendant's conduct violates state consumer protection laws;

    (e) Whether Defendant's conduct constitutes a breach of express warranty;

    (f) Whether Defendant has been unjustly enriched as a result of its conduct such that it would be inequitable for Defendant to retain the benefits conferred upon it by class members; and

  (g)  Whether the New York Class, and the Multi-State Class have sustained damages and, if so, the proper measure of such damages.

45. Plaintiff's claims are typical of those of the members of the New York Class and the Multi-State Class, where Plaintiff purchased a Product that was misrepresented as having been made or manufactured in the United States.

46. Plaintiff will fairly and adequately protect the interests of the New York Class and the Multi-State Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the New York Class or the Multi-State Class.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. There is no plain, speedy, or adequate remedy other than by maintenance of a class action.

48. No member of the New York Class or the Multi-State Class has a substantial interest in individually controlling the prosecution of a separate action. The damages of each individual member of these classes will likely be small relative to the burden and expense of the prosecution of a separate individual litigation.

49. Defendant, through the false and deceptive labeling of its Products, has also acted or refused to act on grounds generally applicable to the New York Class or the Multi-State Class, thus making equitable relief an appropriate remedy.

## FIRST CLAIM FOR RELIEF

**Violation of New York General Business Law § 349**
**(On Behalf of the New York Class)**

50. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

51. Defendant has engaged in deceptive acts and practices in the conduct of business,

trade, and commerce with respect to the Products.

52. Defendant's conduct was consumer-oriented.

53. Defendant sold the Products to consumers in New York.

54. Defendant made false and deceptive representations regarding the Products' country of origin.

55. These false and deceptive representations appeared on the Products' packaging.

56. These false and deceptive representations appeared in Defendant's marketing and advertising.

57. Defendant's conduct was willful and knowing.

58. These false and deceptive representations caused Plaintiff and reasonable consumers to believe that Defendant's Products were made or manufactured in the United States when they were not.

59. Plaintiff relied on that representation when he purchased a Product, believing it to be made or manufactured in the United States.

60. Plaintiff and the members of the New York Class were harmed by Defendant's conduct.

61. Plaintiff and the members of the New York Class purchased products that did not have represented attributes.

62. Plaintiff and the members of the New York Class paid a premium for Products that were purportedly made or manufactured in the United States, but were not.

63. By reason of the foregoing, Plaintiff and the members of the New York Class have been harmed in an amount to be determined at trial and are entitled to: actual damages or fifty dollars, whichever is greater; treble damages; punitive damages; and reasonable attorney's

fees; together with prejudgment interest.

64. By reason of the foregoing, Plaintiff and the members of the New York Class are also entitled to restitution in an amount to be determined at trial, together with prejudgment interest.

## SECOND CLAIM FOR RELIEF

**Violation of New York General Business Law § 350, *et seq.***
**(On Behalf of the New York Class)**

65. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

66. Defendant has engaged in false advertising in the conduct of business, trade, and commerce with respect to the Products.

67. This false advertising includes the advertising and labeling of a commodity.

68. Defendant's conduct was consumer-oriented.

69. Defendant sold the Products to consumers in New York.

70. Defendant falsely advertised the Products' country of origin.

71. This false advertising appeared on the Products' packaging.

72. This false advertising appeared in Defendant's marketing and advertising.

73. Defendant's conduct was willful and knowing.

74. This false advertising caused Plaintiff and reasonable consumers to believe that Defendant's Products were made or manufactured in the United States when they were not.

75. Plaintiff relied on that advertising when he purchased a Product, believing it to be made or manufactured in the United States.

76. Plaintiff and the members of the New York Class were harmed by Defendant's conduct.

77. Plaintiff and the members of the New York Class purchased products that did not

have represented attributes.

78. Plaintiff and the members of the New York Class paid a premium for Products that were purportedly made or manufactured in the United States, but were not.

79. By reason of the foregoing, Plaintiff and the members of the New York Class have been harmed in an amount to be determined at trial and are entitled to: actual damages or five hundred dollars, whichever is greater; treble damages; punitive damages; and reasonable attorney's fees; together with prejudgment interest.

80. By reason of the foregoing, Plaintiff and the members of the New York Class are also entitled to restitution in an amount to be determined at trial, together with prejudgment interest.

### THIRD CLAIM FOR RELIEF

**Violation of Materially Identical State Consumer Protection Statutes**
**(On Behalf of the Multi-State Class)**

81. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

82. Defendant has engaged in deceptive acts and practices with respect to the Products.

83. Defendant's conduct was consumer-oriented.

84. Defendant sold the Products to consumers throughout the United States.

85. Defendant made false and deceptive representations regarding the Products' country of origin.

86. These false and deceptive representations appeared on the Products' packaging.

87. These false and deceptive representations appeared in Defendant's marketing and advertising.

88. Defendant's conduct was willful and knowing.

10

89. These false and deceptive representations caused Plaintiff and reasonable consumers to believe that Defendant's Products were made or manufactured in the United States when they were not.

90. Plaintiff relied on that representation when he purchased a Product, believing it to be made or manufactured in the United States.

91. Plaintiff and the members of the Multi-State Class were harmed by Defendant's conduct.

92. Plaintiff and the members of the Multi-State Class purchased products that did not have represented attributes.

93. Plaintiff and the members of the Multi-State Class paid a premium for Products that were purportedly made or manufactured in the United States, but were not.

94. Defendant's conduct constitutes: unfair competition; false advertising; and unfair, unconscionable, deceptive, and unlawful acts or business practices in violation of the following state consumer protection statutes, the elements of which are materially similar:

(a) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

(b) **California False Advertising Law,** Cal. Bus. & Prof. Code § 17500, *et seq.*;

(c) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*;[2]

(d) **California Made in the USA Statute,** Cal. Bus. & Prof. Code § 17533.7*;*

(e) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

(f) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

---

[2] At this time Plaintiff only seeks equitable relief and attorneys' fees for Defendant's CLRA violations.

(g) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1, *et seq.*;

(h) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901, *et seq.*;

(i) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

(j) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349;

(k) **New York False Advertising Law**, N.Y. Gen. Bus. Law § 350, *et seq.*;

(l) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a);

(m) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq.*;

(n) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

95. By reason of the foregoing, Plaintiff and the members of the Multi-State Class have been harmed in an amount to be determined at trial and are entitled to: actual damages; statutory damages; punitive damages; and reasonable attorney's fees; together with prejudgment interest.

96. By reason of the foregoing, Plaintiff and the members of the Multi-State Class are also entitled to restitution in an amount to be determined at trial, together with prejudgment interest.

## FOURTH CLAIM FOR RELIEF

**Breach of Express Warranty under the Uniform Commercial Code
(On Behalf of the New York Class and the Multi-State Class)**

97. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

98. Defendant has represented on the labels and advertisements of the Products that they are made or manufactured in the United States when they are not.

99. The Products' country of origin is a material fact to Plaintiff and consumers.

100. Plaintiff relied on Defendant's false representation that the Products are made or manufactured in the United States.

101. That representation is an affirmation of fact or promise made by the Defendant to consumers that relates to the Products.

102. That representation is part of the basis of the bargain.

103. That representation creates an express warranty that the goods shall conform to the representation.

104. That representation is a description of the Products that is made part of the basis of the bargain and creates an express warranty that the Products shall conform to the description.

105. On or about December 14, 2021, Plaintiff sent Defendant written pre-suit notice of Defendant's breach of express warranty via certified mail, return receipt requested.

106. Defendant has taken no action to correct its unlawful actions since it received the notice.

107. Plaintiff and the members of the New York Class and the Multi-State Class were harmed by Defendant's conduct.

108. Plaintiff and the members of the New York Class and the Multi-State Class paid a premium for Products that were purportedly made or manufactured in the United States, but were not.

109. By reason of the foregoing, Plaintiff and the members of the New York Class have been harmed in an amount to be determined at trial, together with their reasonable attorney's fees; together with prejudgment interest.

## FIFTH CLAIM FOR RELIEF

**Unjust Enrichment**
**(On Behalf of the New York Class and the Multi-State Class)**

13

110. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

111. Defendant has represented that the Products are made or manufactured in the United States when they are not.

112. These false representations caused Plaintiff and the members of the New York Class and the Multi-State Class to pay a premium for Products that did not have the represented attribute.

113. As a result of Defendant's conduct, Defendant was enriched at the expense of Plaintiff and the members of the New York Class and the Multi-State Class.

114. It is against equity and good conscience to permit Defendant to retain this unjust enrichment.

115. By reason of the foregoing, Plaintiff and the members of the New York Class and the Multi-State Class are entitled to the disgorgement of Defendant's unjust enrichment in an amount to be determined as trial, together with prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of members of the New York Class and the Multi-State Class, respectfully request that the Court award the following relief:

1. The certification of the New York Class and the Multi-State Class;

2. The appointment of Plaintiff as a class representation;

3. The appointment of Plaintiff's counsel as class counsel;

4. The award to Plaintiff and the members of the New York Class and the Multi-State Class of their actual damages in an amount to be determined at trial;

5. The award to Plaintiff and the members of the New York Class and the Multi-State Class of all available statutory damages;

6. The award to Plaintiff and the members of the New York Class and the Multi-State Class of punitive damages in an amount to be determined at trial;

7. The award to Plaintiff and the members of the New York Class and the Multi-State Class of restitution in an amount to be determined at trial;

8. The disgorgement of Defendant's unjust enrichment in an amount to be determined at trial;

9. The award to Plaintiff and the members of the New York Class and the Multi-State Class of their reasonable attorney's fees and litigation costs and expenses;

10. The award to Plaintiff and the members of the New York Class and the Multi-State Class of pre-judgment interest on all amounts awarded; and

11. Such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury for all claims so triable.

Dated: White Plains, New York
January 12, 2022

By: *Bradley F. Silverman*
Todd S. Garber
Bradley F. Silverman
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Paul M. Sod
337R Central Avenue
Lawrence, New York 11559
Tel:   (516) 295-0707
Fax:   (516) 295-0722
paulmsod@gmail.com

<sub>
</sub><sup>
</sup><sub>
</sub><sup>
</sup>

Case 1:22-cv-00185-WFK-MMH   Document 1   Filed 01/12/22   Page 16 of 16 PageID #: 16