UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK PINTER, individually and on            :
behalf of all others similarly situated,    :
                                            :
                    Plaintiff,              :
                                            :    **MEMORANDUM & ORDER**
            v.                              :    22-CV-185 (WFK) (MMH)
                                            :
LAND AIR SEA SYSTEMS, INC.,                 :
                                            :
                    Defendant.              :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**
On January 12, 2022, Plaintiff Mark Pinter ("Plaintiff") filed a class action against Defendant Land
Air Sea Systems, Inc. ("Defendant"). ECF No. 1. Before the Court is Defendant's Motion to
Dismiss the Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2);
improper venue, pursuant to Fed. R. Civ. P. 12(b)(3); and failure to state a claim, pursuant to Fed.
R. Civ. P. 12(b)(6). ECF No. 21. For the following reasons, Defendant's Motion to Dismiss is
GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are drawn from the Complaint and "are presumed [] true for purposes

of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam*

*Advisory Co.*, 783 F.3d 395, 398 (2d Cir. 2015).

Defendant Land Air Sea Systems, Inc. ("Defendant") sells GPS tracking devices which

provide real-time locations of people and vehicles. *See* Compl., ECF No. 1 ¶ 8. Defendant lists

its products for sale on Amazon.com. *Id.* ¶¶ 9-11. On or about October 20, 2021, Plaintiff Mark

Pinter ("Plaintiff"), a resident of Queens County, New York, purchased a product called the

LandAirSea 54 GPS Tracker ("the Product") from Defendant's storefront on Amazon.com. *Id.*

¶¶ 6, 9.

Among other features, the Product was labeled as "USA Manufactured." *Id.* ¶ 10.

Defendant also advertised the Product with depictions of the American Flag both on its own

website and on its Amazon storefront. *Id.* ¶ 11. Based on these representations, Plaintiff

1

believed the Product was made and/or manufactured in the United States, an appealing attribute to many consumers, including Plaintiff—and a fact of which Defendant is aware. *Id.* ¶¶ 13-14, 16.

However, the Product was not made entirely in the United States. *Id.* ¶ 17. The Product's main central processing unit chip, which represents the majority of the cost of the Product, is actually made in China. *Id.* ¶¶ 18-19. The Product's battery is also made in China. *Id.* ¶ 20. Despite the fact this Product's main components, and several other of Defendant's products, are not made in the United States, Defendant represents on its website that the Product is "Engineered and manufactured in the USA (Woodstock, IL)" and is "Proudly Manufactured in the USA." *Id.* ¶ 22-32.

On January 12, 2022, Plaintiff filed a class action Complaint against Defendant pursuant to Fed. R. Civ. P. 23(b)(3). *See generally* Compl., ECF No 1. In the Complaint, Defendant asserts claims on behalf of "all consumers who purchased the Products within New York" (the "New York Class") and "all consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington" (the "Multi-State Class"). The Complaint includes five claims for relief: (1) violation of New York General Business Law ("N.Y. Gen. Bus. Law.") § 349, on behalf of the New York Class; (2) violation of N.Y. Gen. Bus. Law § 350, on behalf of the New York Class; (3) violation of materially identical state consumer protection statutes, on behalf of the Multi-State Class; (4) breach of express warranty under the Uniform Commercial Code, on behalf of both classes; and (5) unjust enrichment, on behalf of both classes.

On May 16, 2022, Defendant filed a fully-briefed motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); improper venue, pursuant to Fed. R. Civ. P. 12(b)(3); and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Def. Mot., ECF No. 21;

*see also* Pl. Resp., ECF No. 22; Def. Reply, ECF No. 21-3; Pl. Sur-Reply, ECF No. 24.

**LEGAL STANDARD**

**I.    Personal Jurisdiction**

A court must dismiss an action against any defendant over whom it lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "On a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant." *Brady v. Anker Innovations Ltd.*, 18-CV-11396, 2020 WL 158760, at *2 (S.D.N.Y. Jan. 13, 2020) (Román, J.) (citation omitted).

The Court has "'considerable procedural leeway' in resolving a pretrial motion to dismiss for lack of jurisdiction: it may decide the motion on the basis of the parties' affidavits by themselves, 'permit discovery in aid of the motion, or ... conduct an evidentiary hearing on the merits of the motion.'" *Lederer v. Newmatic Sound Sys., Inc.*, 10-CV-0271, 2013 WL 6835171, at *2 (E.D.N.Y. Dec. 20, 2013) (Seybert, J.) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (citations omitted)). "A plaintiff's precise burden depends on how the Court elects to address the jurisdiction issue." *Id.* However, a plaintiff may meet [its] burden "through [its] own affidavits and supporting materials, containing [a] [good faith] averment of facts that, if credited ..., would suffice to establish jurisdiction over the defendant." *Id.* (citation omitted). Pleadings and affidavits are construed in the light most favorable to the plaintiff and all doubts are resolved in his or her favor. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

**II.    Venue**

Pursuant to 28 U.S.C. § 1391, "venue is proper in the chosen forum if: (1) at least one defendant resides in the district and all the defendants reside in the same state in which the

district is located; (2) a 'substantial part' of the events giving rise to the claim occurred in the district; or (3) a defendant is subject to personal jurisdiction in the district and 'there is no district in which an action may otherwise be brought.'" 28 U.S.C. § 1391(b). A Rule 12(b)(3) motion allows "dismissal only when venue is 'wrong' or 'improper.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, 509 F. Supp. 3d 38, 49 (S.D.N.Y. 2020) (Ramos, J.). "The legal standard for a motion to dismiss for improper venue is the same as a motion to dismiss for lack of personal jurisdiction." *Casville Invs., Ltd. v. Kates*, 12-CV-6968, 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (Abrams, J.) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). Plaintiffs must plead facts sufficient for a prima facie showing of venue. *Gulf Ins. Co*, 417 F.3d at 355.

### III.    Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss under Rule 12(b)(6), courts must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).

4

## DISCUSSION

Defendant argues this case should be dismissed on the grounds (1) the Court lacks jurisdiction over Defendant; (2) no basis has been adequately alleged for venue in this District; and (3) Plaintiff failed to state a facially plausible claim. *See generally* Def. Mem., ECF No. 21-1. The Court considers each argument in turn.

### I.    The Court Has Specific Jurisdiction Over Defendant

First, Defendant asserts this Court lacks both general and specific jurisdiction over Defendant. Def. Mem. at 13. As an initial matter, Plaintiff does not dispute this Court lacks general jurisdiction over Defendant. Pl. Resp. at 5, fn. 4 ("Based on the information currently available to Plaintiff, he does not contend that this Court has general jurisdiction over Defendant."). Instead, Plaintiff argues the Court has specific jurisdiction over Defendant pursuant to both New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") §§ 302(a)(1) and 302(a)(3)(ii) and that "jurisdiction also comports with the Due Process Clause." *Id.* at 15.

"District courts resolving issues of personal jurisdiction must ... engage in a two-part analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). First, the Court considers whether a defendant's actions bring it "within reach of the long-arm statute of the state in which the Court sits." *EnviroCare Techs., LLC v. Simanovsky*, 11-CV-3458, 2012 WL 2001443, at *2 (E.D.N.Y. June 4, 2012) (Seybert, J.) (citing *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005)). "Second, if the state's long-arm statute permits the Court's exercise of jurisdiction, then the Court determines whether such exercise would be consistent with the due process guarantees of the U.S. Constitution. *See id.*

## A.  New York's Long-Arm Statute

The Court begins its analysis by looking to New York law to determine whether personal jurisdiction is available in New York over Defendant.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012).  Plaintiff argues Defendant is subject to personal jurisdiction pursuant to N.Y.C.P.L.R. §§ 302(a)(1) and 302(a)(3)(ii).  Pl. Resp. at 10.

N.Y.C.P.L.R. § 302(a)(1) provides, in relevant part, a court "may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state," so long as the plaintiff's "cause of action aris[es] from" that "transact[ion]."  *Licci*, 673 F.3d at 60 (citing N.Y. C.P.L.R. § 302(a)).  "[I]n determining whether personal jurisdiction may be exercised under section 302(a)(1), "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction."  *Id.*  N.Y.C.P.L.R. § 302 "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities [t]here were purposeful and there is a substantial relationship between the transaction and the claim asserted."  *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (citation omitted).

Plaintiff does not allege Defendant transacted business directly with Plaintiff within New York.  *Id.*  Indeed, Plaintiff emphasizes a defendant need not physically enter a state to transact business, "so long as the defendant's activities [in the forum state] were purposeful."  Pl. Resp. at 16 (citing *Licci*, 673 F.3d at 61).  With this in mind, Plaintiff notes Defendant's alleged online sale of the Product through "its own store on Amazon.com," and Plaintiff's purchase and receipt of the Product at his home in in New York.  *Id.* at 15.

In contrast, N.Y.C.P.L.R. § 302(a)(3)(ii) "permits New York courts to exercise

6

jurisdiction over an out-of-state defendant who has committed a tort outside the state that has caused foreseeable injury to persons or property within the state." *Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F. Supp. 499, 504 (S.D.N.Y. 1980) (Tenney, J.). Plaintiff's argument regarding § 302(a)(3)(ii) is similar to its position on § 302(a)(1). Plaintiff explains he is "a New York resident who purchased the product from within New York and received it in New York, [and] was injured in New York." Pl. Resp. at 23. Plaintiff also argues Defendant could have expected or reasonably expected its actions would impact New York based on Defendant's marketing and sale of its products on its commercial website—which is nationally and internationally accessible—and Amazon.com, "on which Defendant maintains it owns [a] store." *Id.* at 24.

On the other hand, Defendant makes two distinct arguments with respect to personal jurisdiction, the first in its Motion to Dismiss and the second in its Reply. Defendant argues initially in its Motion to Dismiss that the mere sale of products online cannot confer jurisdiction over a foreign defendant. Def. Mem. at 8 ("[M]erely maintaining a website that is accessible in New York does not constitute transaction business within the state for purposes of §302(a)(1)."). According to Defendant, Plaintiff never claimed he purchased the Product from Defendant. *Id.* at 9. Instead, Defendant argues Plaintiff merely claimed to have purchased the Product from the Amazon.com website and thus "there is no allegation or factual basis to conclude [Defendant] purposefully availed itself of the privilege of conducting activities within New York." *Id.* at 16. With respect to this argument, the Court notes as an initial matter Defendant's characterization of Plaintiff's argument is inaccurate. In the Complaint, Plaintiff clearly states he purchased the Product through Defendant's store on Amazon.com. *See* Compl. ¶ 9. Regardless, Defendant is also incorrect regarding the jurisdictional impact of maintaining an online retail presence

accessible in New York. It is well-established in this Circuit that "regularly offering and selling goods via an online marketplace [including] Amazon.com can provide a basis for personal jurisdiction under CPLR § 302(a)." *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, 15-CV-8459, 2016 WL 3748480, at *3 (S.D.N.Y. July 8, 2016) (Schofield, J.) (citing *EnviroCare Techs.*, 2012 WL 2001443, at *3). This is true even if Defendant does not "control their Amazon.com 'storefront' or its interactivity to the same extent that they control their own highly interactive website." *Id.*; *see also Brady*, 18-CV-11396, 2020 WL 158760, at *4 (S.D.N.Y. Jan. 13, 2020) (Román, J.). Therefore, even though Defendant may not have personally managed the Amazon storefront through which it sold the Product to the same degree it controlled its own website, "[Defendant's] internet-based activities established regular business with foreign jurisdictions, including New York." *EnviroCare Techs.*, 2012 WL 2001443, at *4. Thus, the Court finds Defendant's sale of the Product to Plaintiff in New York through Amazon.com "amounted to transacting business in New York sufficient to establish long arm jurisdiction under C.P.L.R. §302(a)(1)." *Id.*

Defendant's second argument is centered around the receipt from Plaintiff's purchase of the Product from Amazon, which Plaintiff submitted as an exhibit to its Response. Def. Reply at 7 (citing Pl. Resp., Ex. B, ECF No. 22-3). This receipt confirms Plaintiff purchased a LandAirSea 54 GPS Tracker on October 20, 2021 and that the shipment address was Plaintiff's home in New York. Ex. B. Specifically, Defendant argues the receipt provides further evidence the Product was "[s]old by: Amazon.com Services LLC" and thus proves the Product was not sold by Defendant but by "third party Amazon.com Services, LLC." Def. Reply at 7. Defendant goes further still, disavowing responsibility for the Product altogether, and claims "Defendant does not even sell its good on Amazon.com." *Id.*

8

Plaintiff notes in its Sur Reply Defendant's apparent "abandon[ment] [of] [its] original arguments on jurisdiction and venue" and emphasizes that "[i]n its moving papers, Defendant never presented any legal or factual support for the proposition that Defendant was not the seller." Pl. Sur-Reply at 6. Plaintiff reiterates his allegation that he purchased the Product not from Amazon.com Services LLC, "but rather, it was his understanding that he purchased the [P]roduct from Defendant through Defendant's store on the Amazon.com website." *Id.* at 6. While Plaintiff concedes the seller of the Product remains in contention, he maintains the receipt "does not dispositively prove the identity of the seller." *Id.* at 5, 7. In fact, Plaintiff argues the receipt is hearsay and Defendant "may not use [it] to establish entitlement to dismissal for lack of jurisdiction under Rule 12(b)(2)." *Id.* at 11 (citing *J.S. ex rel. N.S. v. Attica C. Schools*, 386 F.3d 107, 110 (2d Cir. 2004)). Finally, Plaintiff argues even if Amazon.com Services LLC was technically the seller, by using Amazon as a distributor, "Defendant reasonably should have known that its products would be sold to New York residents"—given "the indisputable reach of Amazon.com into the New York market." Thus, according to Plaintiff, Defendant nevertheless "availed itself of the privilege of doing business in New York" and is therefore subject to jurisdiction in New York. *Id.* at 5.

At this stage of the litigation, and upon the evidence before it, the Court cannot conclude whether Defendant was the direct seller of the Product. However, jurisdictional "allegations are construed in the light most favorable to the plaintiff and all doubts are resolved in the plaintiff's favor." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005) (Scheindlin, J.). Moreover, while a court may consider materials beyond the pleadings, it "must credit the plaintiff's averments of jurisdictional facts as true." *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004) (Scheindlin, J.). Here, Plaintiff alleges he purchased the Product from Defendant's storefront on Amazon.com. Compl. ¶ 9. Thus, for the purposes of the instant Motion, Plaintiff's allegations are sufficient to

establish jurisdiction pursuant to N.Y.C.P.L.R. § 302(a)(1). Finally, because the Court concludes Defendant transacted business within New York under N.Y.C.P.L.R. § 302(a)(1), the Court need "need not reach the question of whether a New York court could properly exercise jurisdiction under section 302(a)(3)." *Chloe*, 616 F.3d at173.

### B. Constitutional Analysis

"[T]he exercise of personal jurisdiction must [also] comport with constitutional due process principles." *Licci*, 673 F.3d at 60. In this case, "because [Plaintiff's] assertion of personal jurisdiction rests upon a state long-arm statute, the relevant constitutional constraints are those imposed by the Due Process Clause of the Fourteenth Amendment." *Id.* (citation omitted). This analysis is comprised of two related inquiries: minimum contacts and reasonableness. *See Chloe*, 616 F.3d at 164.

First, with respect to minimum contacts, the Court must determine "whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In doing so, the Court considers the totality of a defendant's contacts with the forum state. *Id.* The Court finds Defendant's sale to Plaintiff in New York through Amazon.com is sufficient to satisfy this inquiry. *EnviroCare Techs.*, 2012 WL 2001443, at *4 (citing *Chloe*, 616 F.3d at 171).

With respect to the reasonableness prong, the Court considers "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is to say, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Chloe*, 616 F.3d at 164 (2d Cir. 2010) (citing *Int'l Shoe*, 326 U.S. at 316). "The Supreme Court has held courts must evaluate the following factors as part of this 'reasonableness' analysis: (1) the burden the exercise of jurisdiction will impose on the

10

defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id.* at 164–65 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-14 (1987)).

The first factor weighs in favor of Defendant as Defendant, which is based in Illinois, will be burdened by Plaintiff's choice of forum. "The second factor favors New York as the forum state since a state frequently has a 'manifest interest in providing effective means of redress for its residents.'" *Id.* at 173. The third factor also favors Plaintiff as Plaintiff is a resident of New York, and the final two factors are neutral. *Id.* Accordingly, the Court finds asserting jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice[,]" *Int'l Shoe*, 326 U.S. at 316, and thus that the dictates of the Due Process Clause are not disturbed. As such, Defendant's Motion to Dismiss for lack of personal jurisdiction is DENIED.

**II.      Venue is Proper in this District**

Defendant also moves to dismiss under Rule 12(b)(3) for improper venue. "Pursuant to 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which any action may otherwise be brought, any judicial district in which any defendant is subject to personal jurisdiction with respect to the case at issue." *Caliko, SA v. Finn & Emma, LLC*, 21-CV-3849, 2022 WL 596072, at *1 (S.D.N.Y. Feb. 28, 2022) (Caproni, J.) (citing 28 U.S.C. § 1391(b)).

Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *Hsin Ten Enter. USA, Inc. v. Clark Enterprises*, 138 F. Supp. 2d 449, 457 (S.D.N.Y. 2000) (Scheindlin, J.) (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed. Cir. 1990)).

Defendant argues "there are no alleged events, omissions, or property located in New York making venue proper." Def. Mem. at 21. Defendant argues Plaintiff failed to identify any "specific events, omissions, or property located within this District" and claims the Complaint does not allege "[Plaintiff] bought a product from [Defendant], that he bought the product from [Defendant] in New York, or that the product he bought was shipped to New York." *Id.* at 20. According to Defendant, Plaintiff's sole reference to New York is his residence in the State and "the threadbare assertion that Defendant sold products to consumers in New York." *Id.*

In response, Plaintiff reiterates his allegations, including that "Defendant advertises its products through its own website and through Amazon.com, which reach residents of all states, including New York." Pl. Resp. 26 (citing Compl. ¶ 11). Plaintiff also alleges he is a New York resident and purchased the Product from Defendant's storefront on Amazon.com. *Id.* (citing Compl. ¶¶ 6, 9-13). Finally, Plaintiff alleges the Product was shipped to Plaintiff's home in New York. *Id.* (citing Compl. ¶ 41, 45-46).

When considering a motion to dismiss for improper venue, the Court must accept the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Cartier v. Micha, Inc.*, 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007) (Chin, J.). Furthermore, "[o]nce an objection to venue has been raised, plaintiff bears the burden of proving that venue is proper." *Hsin Ten*, 138 F. Supp. 2d at 457. The Court has

12

previously determined it has personal jurisdiction over Defendant in this District. Thus, venue is proper under § 1391(b)(1) and the Court "need not consider other grounds for venue." *See Caliko*, 2022 WL 596072, at *5. Accordingly, Defendant's Motion to Dismiss for lack of venue is DENIED.

### III. Plaintiff Has Adequately Alleged a Claim for Relief

Finally, Defendant moves to dismiss the Complaint on the grounds (1) Plaintiff's claims under N.Y. Gen. Bus. Law §§ 349 and 350 fail for lack of sufficient allegation of harm and class treatment is precluded as to this claim with respect to the Multi-State Class; (2) Plaintiff's claim for breach of express warranty fails because "Made in the USA" representations "do not constitute warranties as a matter of law" and because Plaintiff failed to identify "the applicable state express warranty statutes" for the Multi-State Class; and (3) Plaintiff's unjust enrichment claim "falls with" the rest of the claims. Def. Mem. at 21-27.

#### A. New York General Business Law §§ 349 and 350

N.Y. Gen. Bus. Law § 349 proscribes "[d]eceptive acts or practices in the conduct of any business, trade or commerce." *Krasnyi Oktyabr, Inc. v. Trilini Imports*, 578 F. Supp. 2d 455, 470 (E.D.N.Y. 2008) (Trager, J.) (citing N.Y. Gen. Bus. Law § 349). To state a claim for a violation of N.Y. Gen. Bus. Law § 349, a plaintiff must allege the defendant engaged in (1) a consumer-oriented business practice or act that was (2) materially misleading and (3) the plaintiff thereby suffered an injury. *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287 (S.D.N.Y. 2014) (Ramos, J.). On the other hand, N.Y. Gen. Bus. Law § 350 proscribes "[f]alse advertising in the conduct of any business, trade or commerce." *Krasnyi Oktyabr*, 578 F. Supp. 2d at 470 (citing N.Y. Gen. Bus. Law § 350).

Defendant raises two distinct arguments with respect to Plaintiff's §§ 349 and 350 claims.

13

First, Defendant claims "the only alleged injury (a purported price premium) is insufficient as a matter of law to support either claim" with respect to both the New York and Multi-State Class. Def. Mem. at 22. However, Defendant is incorrect on this point. To the contrary, "[c]ourts have construed the payment of a premium price to be an injury *in and of itself*." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015) (Weinstein, J.) (emphasis added) (citing *Koenig*, 995 F. Supp. 2d at 288 and *Rodriguez v. It's Just Lunch, Int'l*, 07-CV-9227, 2010 WL 685009, at *9 (S.D.N.Y. Feb. 23, 2010) (Fox, M.J.)). Plaintiff alleges he and the other "class members were harmed because, *inter alia*, they paid a premium for a product that was requested to be made or manufactured in the United States when it was not." Compl. ¶ 40. Accordingly, the Court finds Plaintiff adequately pleaded an injury under §§ 349 and 350 and rejects Defendant's first argument on that basis.

Second, Defendant argues Plaintiff's §§ 349 and 350 claims brought on behalf of the Muli-State Class fail "because of differences in state laws between the various state statutes Plaintiff seeks to invoke on behalf of the putative multi-state class." Def. Mem. at 23. Specifically, Defendant claims class treatment is inappropriate in this case because the requirements of the different states are such that they would "swamp common issues of fact and defeat predominance." Def. Mem. at 26. On the other hand, Plaintiff argues it would be premature for the Court to dismiss or strike any of the class claims and that these issues should not be considered until the class certification stage. Pl. Resp. at 32-33 (citing *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 92-93 (2d Cir. 2018)). The Court agrees with Plaintiff. ˌ

Courts in the Second Circuit have recognized "[w]hen a class action raises common issues of conduct that would establish liability under a number of states' laws, it is possible for

those common issues to predominate and for class certification to be an appropriate mechanism for handling the dispute." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 518 (S.D.N.Y. 2015) (Karas, J.) (citing *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 79 (E.D.N.Y. 2004) (Spatt, J.)). In other words, variances in state law do not *necessarily* preclude class certification. *Id.* (emphasis in original). Regardless, at this stage of the litigation, it is "too early to determine just how intractable the state common law claims will be" and it would therefore be premature for the Court to dismiss Plaintiff's §§ 349 and 350 claims on this basis. *Id.* Thus, the Court rejects Defendant's second argument, and DENIES Defendant's Motion to Dismiss Plaintiff's §§ 349 and 350 claims.

### B. Breach of Express Warranty

With respect to Plaintiff's breach of express warranty claim, Defendant argues representations that a product is "Made in USA" do not constitute warranties as a matter of law. Def. Mem. at 26. According to Defendant, "an advertisement regarding the location of a product's manufacture is not an affirmation of fact or promise that relates to the goods and becomes part of the basis of the bargain because it does affect the quality, performance, or nature of the goods themselves." *Id.*

"Under New York law, an express warranty is an 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 469 (S.D.N.Y. 2020) (Nathan, J.) (citing N.Y.U.C.C. § 2-313(1)(a)). For a "statement or representation to provide the basis for an express warranty claim, it still must meet the threshold requirement of being material to a reasonable consumer." *Id.* (citation omitted). Courts in this Circuit have determined statements regarding a product's manufacture origin provide an actionable claim for breach of express warranty. *See id.*

15

(declining to dismiss such a breach of express warranty claim based upon a company's false advertisement of their products as made in Belgium, when they were made in Pennsylvania, because "it is a question of fact, not law, whether the representation is a promise or description of the goods."). Because a reasonable consumer could view Defendant's advertisement of the Product as "Made in America" as a representation of its continued place of production, the Court DENIES Defendant's Motion to Dismiss Plaintiff's breach of express warranty claim.

### C. Unjust Enrichment

Finally, Defendant argues Plaintiff's unjust enrichment claim must be dismissed on the grounds Plaintiff's other claims must fail and the allegations supporting this claim "are simply restatements of the allegations purportedly supporting [Plaintiff's] other claims." Def. Mem. at 27. On this point, the Court agrees.

To establish unjust enrichment, a plaintiff must show "(1) the other party was enriched, (2) at the other party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Hesse*, 463 F. Supp. 3d at 473 (citation omitted). Unjust enrichment claims are unavailable if they "simply duplicate[], or replace[s], a conventional contract or tort claim." *Id.*; *see also Bermudez v. Colgate-Palmolive Co.*, 21-CV-10988, 2023 WL 2751044, at *14 (S.D.N.Y. Mar. 31, 2023) (Rochon, J.). An unjust enrichment claim is considered duplicative, and therefore insufficient, if it "relies on the same factual allegations and the same theory of liability. *Id.*

Plaintiff asserts his claim for unjust enrichment based on the allegation that Defendant's false advertising caused Plaintiff and the other class members to pay a premium for products that did not have the represented attribute, and, as a result, Defendant was unjustly enriched at the expense of Plaintiff and the other class members. Compl. ¶¶ 112-13. According to Defendant,

Plaintiff failed to distinguish his unjust enrichment claim from the aforementioned claims as is required to survive a motion to dismiss. *Id.* (citing *Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 561 (S.D.N.Y. 2022) (Cote, J.)). Here, Plaintiff's unjust enrichment claim simply reiterates the allegations of his §§ 349 and 350 and breach of express warranty claims. This is insufficient to survive a motion to dismiss. *Id.* Finding Plaintiff did not sufficiently distinguish his unjust enrichment claim from his other claims, the Court GRANTS Defendant's Motion to Dismiss with respect solely to Plaintiffs' unjust enrichment claim.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 21, is GRANTED in part and DENIED in part.

**SO ORDERED.**

**s/ WFK**

Dated: November 13, 2023
Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE