UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK PINTER, individually and on behalf of :
all others similarly situated,
                                                               :   Case No. 1:22-cv-00185-WFK-MMH
        Plaintiff,
                                                                :
    v.
                                                                :
LAND AIR SEA SYSTEMS, INC.,
                                                                :
        Defendant.
                                                                :
------------------------------------------------------------x

**DECLARATION OF TODD S. GARBER
IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS SETTLEMENT</u>**

      TODD S. GARBER hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

      1.    I am a partner in the law firm of Finkelstein, Blankinship, Frei-Pearson, & Garber, LLP ("FBFG"), counsel to plaintiff Mark Pinter ("Plaintiff") in the above-captioned action. As such, I have personal knowledge of the information set forth herein. I make this declaration in support of Plaintiff's motion seeking an Order pursuant to Fed. R. Civ. P. 23(e):

          a.    Preliminarily approving the class action settlement as set out in the Class Action Settlement Agreement;

          b.    Preliminarily certifying the proposed settlement class described in the Class Action Settlement Agreement for purposes of the settlement;

          c.    Preliminarily appointing Plaintiff as the settlement class representative;

          d.    Preliminarily appointing Plaintiff's counsel, Todd S. Garber and Bradley F. Silverman of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as class counsel;

  e. Appointing Angeion Group as the settlement administrator;

  f. Finding that the proposed notice plan constitutes the best notice practicable under the circumstances and directing that notice be disseminated pursuant to the terms of the proposed notice plan;

  g. Scheduling dates by which the parties and settlement class members are to comply with their requirements and obligations as more fully described in the Proposed Order filed concurrently herewith;

  h. Setting a hearing date for the final approval of the proposed settlement, an award of attorneys' fees and costs, and a service award to Plaintiff; and

  i. Granting such other and further relief as the Court deems just and proper.

2. Annexed hereto as Exhibit A is a true and correct copy of the Class Action Settlement Agreement entered into between the parties to the above-captioned action.

3. Annexed hereto as Exhibit B is a true and correct copy of the Declaration of Steve Weisbrot, the President and Chief Executive Officer of Angeion Group, the proposed class administrator.

4. This action was commenced on January 12, 2022. Plaintiff alleges that defendant Land Air Sea Systems, Inc. falsely and deceptively misrepresented that its products are "Made in the USA" or "Manufactured in the USA."

5. Plaintiff and his counsel conducted a thorough investigation and evaluation of the alleged claims and potential defenses to those claims prior to filing the action and continued to analyze the claims throughout the pendency of the case.

6. Plaintiff's counsel conducted significant discovery related the claims of Plaintiff and the class members, including the serving of, and responses to, requests for documents,

interrogatories, and requests for admission. Plaintiff's counsel obtained significant discovery regarding the scope of the class members' alleged claims and potential damages, including sales data.

7. Over 300,000 purchases have been made of Defendant's products during the proposed class period.

8. Through this investigation, discovery, and ongoing analysis, including through participation in settlement negotiations, Plaintiff's counsel obtained an understanding of the strengths and weaknesses of the claims.

9. Plaintiff was substantially involved in the litigation of this action, including by reviewing the complaint and other case documents, communicating extensively with his counsel regarding the status of the case, and providing responses to discovery.

10. Plaintiff's counsel have worked steadfastly to reach a fair, reasonable, and adequate settlement. Plaintiff and his counsel believe the asserted claims are meritorious and, if the litigation were to continue, there is a good chance that a class would be certified.

11. The negotiations were conducted at arm's length spanning numerous phone calls and correspondence. They were undertaken by Plaintiff's counsel who are well versed in complex class action litigation, as well as cases involving misrepresentations concerning consumer products. Annexed hereto as Exhibit C is a true and correct copy of FBFG's firm resume.

12. The overarching terms of the settlement were resolved prior to the discussion of any attorneys' fees.

13. Apart from the Class Action Settlement Agreement, there are no additional agreements between the Parties or with others made in connection with the Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2025 in White Plains, New York.

*s/ Todd S. Garber*
TODD S. GARBER
