UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARK PINTER, individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

LAND AIR SEA SYSTEMS, INC.,

        Defendant.
-----------------------------------------------------------x

Case No. 1:22-cv-00185-WFK-MMH

## **PRELIMINARY APPROVAL ORDER**

WHEREAS, the parties to the above-captioned action (the "Action") entered into a Class Action Settlement Agreement (the "Settlement Agreement") which is subject to review and approval by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Action and dismissal of the Action with prejudice;

WHEREAS, Plaintiff in the Action has moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order that, among other things, preliminarily approves the Settlement Agreement and the Settlement embodied therein, certifies a Class solely for the purposes of settlement, and provides for notice to potential members of the Class; and

WHEREAS, the Court has read and considered the Settlement Agreement and the exhibits thereto; all parties to the Settlement Agreement have consented to the entry of this Order; and the Court has found that substantial and sufficient grounds exist for entering this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this 4 day of August, 2025 that:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement. Any inconsistencies in terminology between the Settlement Agreement and the Class Notice or this Order will be controlled by the language of the Settlement Agreement.

2. The Court hereby preliminarily certifies the following class for the purposes of settlement only (the "Class"), pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons within the United States who purchased one or more of Defendant's products either from Defendant's website or from Amazon between January 12, 2018 and January 12, 2022

Excluded from Settlement Class are: (1) the Court, Court employees, and members of their respective families; and (2) persons who properly execute a timely request for exclusion from the Class; and (3) owners, officers, directors, or employees of Defendant or any related entities.

3. Solely for purposes of effectuating the Settlement, the Court preliminarily finds that the prerequisites to class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

    (a) the number of Class Members is so numerous that joinder of all Class Members is impracticable;

    (b) there are questions of law and fact common to the Class Members;

    (c) Plaintiff's claims are typical of the Class's claims;

    (d) Plaintiff and Class Counsel (as appointed herein) have and will fairly and adequately represent and protect the interests of the Class;

(e) the questions of law and fact common to the Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that Plaintiff Mark Pinter is an adequate representative of the Class and certifies her as the Class Representative for the Class.

5. The Court finds that counsel for the Class Representative, Todd S. Garber and Bradley F. Silverman of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, 1 North Broadway, White Plains, NY 10601, have adequately represented the Class and appoints them to be Class Counsel for the Class.

6. The Court preliminarily finds that:

(a) the proposed Settlement resulted from informed, extensive arm's-length negotiations between the Settling Parties;

(b) Class Counsel has concluded that the proposed Settlement as embodied in the Settlement Agreement is fair, reasonable, and adequate;

(c) the proposed Settlement and the terms set forth in the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant sending notice of the settlement to the Settlement Class, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, and the terms of the proposed award of attorney's fees and expenses, including timing of payment; and

(d) the proposed Settlement treats class members equitably relative to each other.

7. A hearing (the "Settlement Hearing") is hereby scheduled to be held before the Court on October 8, 2025 at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, for the following purposes:

(a) to determine whether the proposed Settlement, as embodied in the Settlement Agreement (including, but not limited to, the terms governing the payments to be paid to members of the Settlement Class and the procedures for submission of claims, review and determination of the validity of claims, and the distribution of payments to approved class members), is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the Final Approval Order, substantially in the form attached as Exhibit 1 to the Settlement Agreement, should be entered herein;

(c) to determine whether the Action should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

(d) to consider Class Counsel's application for an award of fees and expenses;

(e) to consider the Class Representative's request for a Service Award for the time and effort expended in prosecuting the Action on behalf of the Class; and

(f) to rule upon such other matters as the Court may deem appropriate.

8. The Court approves the appointment of Angeion Group as the Settlement Administrator.

9. The Court approves the form, substance and requirements of the Postcard Notice, the Email Notice, the Long Form Notice on the website, the Reminder Notice, and the Claim Form, each substantially in the form annexed as Exhibits 2, 3, 4, 5, and 6 respectively, to the Settlement Agreement. The Court finds that the procedures established for mailing and distribution of the notice substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances, are in full compliance with the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and shall constitute due and sufficient notice to all persons entitled to notice.

10. The procedures for mailing and distribution of the Class Notice shall be as follows:

(a) As soon as practical, after entry of this Order, Defendant will provide a data file to the Claims Administrator containing names, telephone numbers, if available, email addresses, if available, and last-known U.S. mailing addresses, if available for the known Class Members. The information produced by Defendant to the Claims Administrator ("Confidential Information") shall be maintained by the Claims Administrator as confidential. The Confidential Information shall only be used by the Claims Administrator as necessary to administer the Parties' settlement and not for any other business or other purpose whatsoever. The Confidential Information shall not be disclosed to any third party, nor made available to the Parties or to their counsel, for any purpose whatsoever.

(b) The Confidential Information shall only be used by the Claims Administrator as necessary to administer the Parties' settlement and not for any other business or other purpose, matter, or representation whatsoever. The Claims Administrator shall not disclose or permit the disclosure of the Confidential Information, or any information in the Confidential Information, to any third party or entity. The Claims Administrator agrees to destroy the Confidential Information and all copies within sixty (60) days after the check cashing period expires and certify to counsel for Defendant that it has done so.

(c) Within twenty-one (21) calendar days after the Claims Administrator receives the Class Members' necessary data as described herein, the Claims Administrator shall send the Notice to the Class Members *via* email or First-Class U.S. Mail, postage prepaid, to their mailing addresses as updated using the U.S.P.S. database of verifiable mailing addresses and the National Change-of-Address database. If any such mailing is returned as undeliverable with an indication of a more current address, the Claims Administrator will mail the Notice to the new address. If any such mailing is returned as undeliverable without any indication of a more current address, the Claims Administrator will perform a reverse look up or skip trace to find an updated address, and if one is so identified, will mail the Notice to the new address. For any Notice sent to members of the Settlement Class that are returned as undeliverable, the Class Member will have the longer of the remaining period or fourteen (14) calendar days from the date of any re-mailing to seek exclusion or object.

(d) Twenty-one (21) calendar days after the initial mailing the Claims Administrator

shall send a Reminder Notice to Class Members that have not yet submitted claims.

(e) Twenty-one (21) calendar days after the initial Reminder Notice the Claims Administrator shall send a second Reminder Notice to the remaining Class Members that have not yet submitted claims, in the event that the claims rate (as calculated by the Claims Administrator) is less than 5% of the Settlement Class. Any Reminder Notice will be paid out of the Settlement Fund. If, after thirty (30) days from the Check Void Date, there are still funds remaining in the Settlement Fund, the Claims Administrator shall distribute these excess funds, including any uncashed checks, to the Cy Pres Designee.

11. Class Members must submit a claim in order to receive a payment from the Settlement Fund.

12. Class Members who do not want to participate in the Settlement will have up to and including seventy-five (75) calendar days following the initial mailing of the Notice to exclude themselves from the Settlement.

13. In order to exercise the right to be excluded, a Class Member must, within the time set out in subsection b. of this paragraph, timely send a written request for exclusion to the Claims Administrator providing their name and address; the name and number of this case; a statement that they wish to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked on or before the Exclusion Deadline, shall be invalid, and the person serving such a request shall be considered a member of the Settlement Class and shall be bound by the Settlement Agreement, if approved.

14. The request for exclusion must be personally signed by the Class Member requesting exclusion. "Mass" or "class" exclusion requests shall not be permitted.

15. Any Class Member who elects to be excluded shall not: (i) be bound by any order or the Final Order Approving Settlement; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A Class Member who requests to be excluded from the Settlement Class cannot also object to the Settlement Agreement.

16. If the Settlement Agreement receives final Court approval, all Class Members who have not opted out by the Exclusion Deadline will be bound by the Settlement Agreement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged in the Action.

17. Class Members may object to the Settlement Agreement by following the instructions on the Notice. To object to the Settlement Agreement or any terms of it, the person or entity making the objection must be a member of the Settlement Class, must not have requested to be excluded from the Settlement, and must timely mail a copy of that objection with the requisite postmark to Class Counsel and Defendant's Counsel no later than the Objection Deadline. The notice of objection must state: the case name and number; the basis for and an explanation of the objection; the name, address, telephone number, and email address of the Class Member making the objection; and a statement of whether the Class Member intends to appear at the Final Fairness Hearing with or without counsel. In addition, any objection must be personally signed by the Class Member.

18. Class Members who fail to file and serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection

(whether by appeal or otherwise) to the Settlement Agreement. The Parties may file a response to any objections no later than seven (7) calendar days before the Final Fairness Hearing.

19. Within three (3) business days after the Exclusion Deadlines, the Claims Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

20. No later than seven (7) calendar days before the Final Fairness Hearing, or by some other date as directed by the Court. At the Final Fairness Hearing, the Parties will ask the Court to: (a) grant final approval of the Settlement Agreement as fair, reasonable and adequate, and entered into in good faith and without collusion; (b) grant final certification of the Settlement Class; (c) consider any properly-submitted objections; and (d) approve the amounts allocated for the Fee Award, the Administrative Fees, and the Service Awards to Plaintiff. Plaintiff shall present the Court with the proposed Final Approval Order with the motion for final approval.

21. If the Court raises concerns regarding the terms of the Settlement Agreement or does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of the Settlement hereunder, the Parties will work together in good faith to renegotiate and agree upon terms as close to this Settlement Agreement as possible and to resolve any concerns raised by the Court. Only after the Parties agree that they have fully exhausted such efforts will this Settlement Agreement become null and void. The Parties will then return to their positions immediately prior to the execution of this Settlement Agreement.

22. Plaintiff will move for final approval of the Settlement Agreement, final certification of the Settlement Class including a Fee Petition seeking approval of the Fee Award of attorneys' fees and litigation costs relating to their representation of the Settlement Class and a Service Award to Plaintiff.

23. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Settled Claims against any Released Party.

24. The Court expressly reserves the right to do the following without further notice to members of the Class: (a) reschedule any hearing; (b) approve the Settlement Agreement with modifications(s) approved by the parties; (c) award such Class Counsel Fees as the Court finds fair and reasonable, subject to such limitations set forth in the Settlement Agreement; and (d) award a Service Award to the Class Representative, subject to such limitations as are set forth in the Settlement Agreement.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement embodied therein.

Dated: _August 4_, 2025

s/WFK
HONORABLE WILLIAM F. KUNTZ, II, U.S.D.J.